

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

STANLEY KING,

    Petitioner,

v.  :  CIVIL ACTION NO.: CV211-062

WILLIAM DANSFORTH, Warden,
and ATTORNEY GENERAL OF
THE STATE OF GEORGIA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Stanley King ("King"), an inmate currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended, challenging his conviction in the Superior Court of Glynn County. Respondents[1] filed an Answer-Response and a Motion to Dismiss. King has filed a Response. For the reasons which follow, Respondents' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

King was convicted, after a jury trial, in April 2004 of burglary, robbery, and murder. King was sentenced to life plus twenty years' imprisonment. King filed an appeal, and the Supreme Court of Georgia affirmed his convictions and sentence in February 2007. King then filed a petition for writ of habeas corpus in the Superior Court of Calhoun County, which was transferred to the Superior Court of Ware County on

---

[1] King named Sam Olens, Attorney General for the State of Georgia, as a named Respondent. As Mr. Olens is not a properly named Respondent, the outstanding Motion to Dismiss Mr. Olens as a party should be **GRANTED**.

AO 72A
(Rev. 8/82)

April 29, 2008. (Doc. No. 1-2, p. 10). An evidentiary hearing was conducted on June 27, 2009. (Doc. No. 7-1, p. 2). The Ware County Superior Court entered its order in that case on July 13, 2011.

In this petition, which was signed on March 29, 2011, and filed on April 15, 2011, King asserts that his appellate counsel was ineffective because he "failed to research, develop, and assert on appeal, the nonfrivolous errors of the trial counsel, and trial counsel's ineffectiveness." (Doc. No. 1-2, p. 5). Respondents assert that King's petition should be dismissed because he has failed to exhaust his available state remedies.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state

remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is no evidence that King exhausted his state remedies before he filed his petition in this Court. The Ware County Superior Court denied King's petition for writ of

3

habeas corpus by order dated July 11, 2011, which was filed in that court's clerk's office on July 13, 2011. (Doc. No. 19-1, p. 7). Under Georgia law

> If an unsuccessful petitioner desires to appeal, he *must* file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court. The Supreme Court shall either grant or deny the application within a reasonable time after filing.

O.C.G.A. § 9-14-52(b) (emphasis supplied). Thus, King had until August 13, 2011, to file an appeal of the denial of his state habeas petition with the Georgia Supreme Court as part of the "firmly established" and "regularly followed" discretionary appeal procedure in Georgia. Mancill v. Hall, 545 F.3d 935, 939-41 (11th Cir. 2008) (citing Pope, 358 F.3d at 853). King filed this petition before he exhausted his state court remedies, and this Court is without jurisdiction to entertain his petition. 28 U.S.C. § 2254(b)(1).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**, and that King's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 16th day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE